IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARQUISE DAVAR HODGE, §<br>    #3497-18, §<br>        PLAINTIFF, §<br> §<br>V. §<br> §<br>STATE OF TEXAS, ET AL., §<br>        DEFENDANTS. § | CASE NO. 3:19-CV-1094-M-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. The Court granted Plaintiff Marquise Davar Hodge's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED**.

### I.     BACKGROUND

This civil action arises out of Hodge's pending state prosecution for the offense of burglary of a habitation in the 40th Judicial District Court of Ellis County case number 44392CR.  Doc. 8 at 1 (*Plaintiff's Answers to Magistrate Judge's Questionnaire*).  Hodge, who is a pretrial detainee in the Wayne McCollum Detention Center, is represented by court-appointed counsel in that state criminal case and is awaiting a trial.[1]  Doc. 8 at 1, 3.

---

[1] The criminal case docket sheet is available on the Ellis County website at http://www.lgs-hosted.com/rmtelldck.html (last accessed June 14, 2019).

In his *pro se* complaint, Hodge names as Defendants the State of Texas, the Ellis County Sheriff's Department, and the 40th Judicial District Court. Doc. 3 at 3. As best as the Court can glean from the complaint, Hodge alleges false arrest and false imprisonment. He avers that (1) he has been held without an indictment or an explanation, (2) his initial appointed counsel rendered ineffective assistance, and (3) the state judge failed to hear and rule on his pending requests for state writs of habeas corpus. Doc. 3 at 3-4. Hodge requests dismissal of the burglary charge and compensatory damages. Doc. 3 at 5; Doc. 8 at 4.

## II.   ANALYSIS

### A.  Request for Dismissal of State Criminal Charge

This Court must first examine the threshold question of whether it has subject matter jurisdiction. It is an issue of paramount concern that should be addressed, *sua sponte* if necessary, at any time throughout the proceedings. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (stating that a "federal court may raise subject matter jurisdiction *sua sponte*"); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity

to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met in this case where Hodge seeks an order of this Court dismissing his pending state criminal proceeding. What Hodge requests this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Hodge can raise his claims—including his alleged constitutional challenges—in the state trial court where, importantly, he is represented by counsel.[2] Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Hodge cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his challenge of the State's prosecution of him for burglary of a habitation in Ellis County cause number 44392-CR. *See Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

---

[2] Hodge avers he is represented in the pending criminal case by Juan Renteria. Doc. 8 at 3.

### B. Request for Monetary Damages

As previously mentioned, Hodge also seeks compensatory damages. The *Younger* abstention doctrine is not applicable to a claim for damages. *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam)). However, "[e]ven if *Younger* applies [to other requests for relief], the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Id.* That notwithstanding, "a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Id.* at 519-20. In this instance, the claims for which Hodge seeks damages are subject to summary dismissal under section 1915(e)(2)(B).

Specifically, section 1915(e)(2)(B) provides for the *sua sponte* dismissal of a complaint if the court finds that, *inter alia*, it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Hodge's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, his claims for damages should be dismissed as frivolous and for failure to state a claim.

Hodge alleges that he was wrongfully arrested and imprisoned. Doc. 3 at 4. He avers that he was "kidnapped . . . without an arrest warrant" and "held . . . in custody longer than allowed by law with no indictment or explanation." Doc. 3 at 3. His claim, however, fails as a matter of law. Hodge concedes he appeared before a magistrate shortly after his August 18, 2018 arrest, and that he was subsequently indicted for burglary of a building on December 19, 2018. Doc. 8 at 2-3. Because these ensuing events broke the chain of causation for any false arrest, Hodge's false arrest claim is foreclosed and should be dismissed as frivolous and for failure to state a claim. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (finding that a court appearance or grand jury indictment breaks the chain of causation for an allegedly false arrest, "insulating the initiating party").

### C. Pending State Habeas Writs

Moreover, insofar as Hodge seeks to compel the state trial judge to rule on his pending habeas writs, his request likewise fails as a matter of law. Doc. 3 at 3-4. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam); *see also Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties).

### D. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Hodge clearly demonstrate that his claims are fatally infirm. In addition, the Court has already given him the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Thus, Hodge has already pled his best case and granting leave to amend would be futile and cause needless delay.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's claims seeking to dismiss the pending state criminal charge should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine, and his remaining claims should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**SO RECOMMENDED** on June 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).